**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10190 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00002-RVM-2 |
| v. | |
| MOHAMMAD JAHANGIR MIAH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Submitted February 19, 2015[**]
Honolulu, Hawaii

Before: CLIFTON, N.R. SMITH, and FRIEDLAND, Circuit Judges.

Mohammad Miah appeals his sentence after pleading guilty to one count of

conspiracy to unlawfully produce and transfer identification documents. Prior to

sentencing, the district court found Miah to have breached his plea agreement by

engaging in illegal activity—specifically, by participating in a scheme to cash

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

stolen checks. Miah contends that, at his breach-of-plea hearing, the district court ran afoul of the Confrontation Clause and improperly applied the hearsay exception for statements against interest when it admitted out-of-court statements of a co-conspirator in the check-cashing scheme. Because neither argument is meritorious, we affirm.

Miah acknowledges that our review is limited to plain error with respect to his Confrontation Clause claim because he did not make a Confrontation Clause objection in the district court. Under that standard, we may only reverse when an error is "clear" or "obvious." *See United States v. Olano*, 507 U.S. 725, 734 (1993) (internal quotation marks omitted). Miah acknowledges that no court has found the Confrontation Clause to apply to breach-of-plea hearings and that this court has held that the Confrontation Clause does not apply in analogous contexts such as hearings on sentencing and revocation of supervised release. *See United States v. Littlesun*, 444 F.3d 1196, 1198-1200 (9th Cir. 2006); *United States v. Hall*, 419 F.3d 980, 985-86 (9th Cir. 2005). Thus, it is not clear or obvious that admitting the co-conspirator's out-of-court statements at Miah's breach-of-plea hearing violated the Confrontation Clause.

Miah did make a hearsay objection in the district court, so we review the district court's hearsay ruling for an abuse of discretion. *See United States v. JDT*, 762 F.3d 984, 1003 (9th Cir. 2014). Because the challenged statements were both

solidly inculpatory and corroborated by recordings in which Miah communicated with the declarant regarding checks and the exchange of money, the district court did not abuse its discretion when it admitted them as statements against interest under Federal Rule of Evidence 804(b)(3). *See United States v. Johnson*, 767 F.3d 815, 825 (9th Cir. 2014); *United States v. Slaughter*, 891 F.2d 691, 698 (9th Cir. 1989).

**AFFIRMED.**